UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:17-cr-119-J-34JRK
     18 U.S.C. §§ 641 & 1001(3)

LEWIS MONROE LEE, Sr.

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

Beginning in or about July 2012, and continuing through in or about August 2016, in the Middle District of Florida, and elsewhere, the defendant,

LEWIS MONROE LEE, Sr.

did knowingly and willfully embezzle, steal, purloin, and convert to the defendant's use and the use of another, more than $1,000 of money and a thing of value of the United States and the Social Security Administration, a department and agency of the United States, that is, Social Security benefits and funds, with intent to deprive the United States and the Social Security Administration of the use and benefit of the money and thing of value.

In violation of 18 U.S.C. § 641.

## COUNT TWO

On or about January 17, 2013, in the Middle District of Florida, and elsewhere, the defendant,

LEWIS MONROE LEE, Sr.

knowingly and willfully made or used any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, a statement to the United States Social Security Administration on a Representative Payee Report, in which the Defendant stated that the beneficiary, ACL, lived with him when, in truth and in fact, the Defendant was aware that the beneficiary, ACL, did not live with him.

In violation of 18 U.S.C. § 1001(3).

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 641, the defendant, LEWIS MONROE LEE, SR., shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to, a $40,966.00 forfeiture money judgment, which represents the proceeds of the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

*[signature]*
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: *[signature]*
JAY TAYLOR
Assistant United States Attorney

By: *[signature]*
FRANK TALBOT
Assistant United States Attorney
Acting Chief, Jacksonville Division

FORM OBD-34
6/6/17 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

LEWIS MONROE LEE, Sr.

# INDICTMENT

Violations: 18 U.S.C. §§ 641 and 1001(3)

A true bill,

_____
Foreperson

Filed in open court this 29th day

of June, 2017.

_____
Deputy Clerk

Bail  $_____

GPO 863 525